UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LEE WILSON,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:19-cv-02398-CKD-P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Examination of the request to proceed in forma pauperis reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review and finds that the instant habeas application should be summarily dismissed for the reasons explained below.

**I.  Factual Background**

Petitioner indicates that he was convicted in the Tehama County Superior Court of three felony counts following his guilty plea in November 2017. ECF No. 1 at 1. He was sentenced to

1

10 years in prison. Id. As grounds for relief, petitioner indicates that this habeas application "is only seeking to file a 'notice of appeal' and have an appellate attorney appointed." ECF No. 1 at 5. However, petitioner also attached a copy of a court order dated July 11, 2019 indicating that the California Court of Appeal denied petitioner's request for permission to file a notice of appeal "under the constructive filing doctrine." ECF No. 1 at 27.

## II.    Analysis

This court has jurisdiction to review state court convictions filed by a prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner does not allege any Constitutional or statutory claim for relief in his habeas application. Nor does he explain what claim he would raise in an appeal of his conviction. He is merely using his federal habeas corpus petition as a procedural mechanism to secure a direct appeal of his conviction in state court without making any substantive claim for relief. Therefore, this court does not have jurisdiction to order the relief requested and summary dismissal is appropriate. For these reasons, the court will recommend that petitioner's petition for writ of habeas corpus be summarily dismissed.

Accordingly, IT IS HERBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 5) is granted; and,

2. The Clerk of Court randomly assign this matter to a district court judge.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus be summarily dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issue(s). Where, as here,

the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 24, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wils2398.F&R.docx