UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN LEE WILSON,

Petitioner,

v.

STATE OF CALIFORNIA,

Respondent.

No. 2:19-cv-02398-JAM-CKD P

ORDER

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 24, 2020 the undersigned screened petitioner's habeas application pursuant to Rule 4 of the Rules Governing Section 2254 Cases and recommended that the petition be summarily dismissed because it did not raise any Constitutional or statutory claim for relief. ECF No. 6. On February 15, 2010 petitioner submitted objections to these Findings and Recommendations. ECF No. 9. For the reasons discussed below, the court will vacate the January 24, 2020 Findings and Recommendations and will dismiss petitioner's habeas application, but grant him leave to file an amended § 2254 petition within 30 days from the date of this order.

**I.  Factual Background**

Petitioner was convicted in the Tehama County Superior Court of three felony counts following his guilty plea in November 2017. ECF No. 1 at 1. He was sentenced to 10 years in prison. Id. The only grounds for relief in the § 2254 petition is a request to file a "notice of appeal' and have an appellate attorney appointed." ECF No. 1 at 5. In his objections petitioner

clarifies that he is attempting to appeal the ineffectiveness of his trial lawyer for failing to file a notice of appeal as requested.[1]  ECF No. 9 at 9.

**II.     Analysis**

In light of petitioner's objections filed on February 15, 2020, it appears to the court that petitioner is attempting to raise a Sixth Amendment ineffective assistance of counsel claim against his trial lawyer for failing to file a notice of appeal.  Such a claim would be cognizable in a § 2254 proceeding.  However, the § 2254 application filed by petitioner does not contain that claim nor any other Constitutional claim for relief.  Therefore, the court will dismiss the original habeas petition filed on November 27, 2019, but will grant petitioner leave to file an amended § 2254 petition within 30 days from the date of this order.

Accordingly, IT IS HERBY ORDERED that:

1. The January 24, 2020 Findings and Recommendations (ECF No. 6) are vacated.
2. Petitioner's federal habeas corpus application (ECF No. 1) is dismissed with leave to file a first amended § 2254 petition within 30 days from the date of this order.
3. The Clerk of Court shall send petitioner the form for filing a 28 U.S.C. § 2254 petition used in this district.
4. Petitioner's failure to file an amended § 2254 petition within the time provided shall result in a recommendation that this case be dismissed for failing to comply with a court order.

Dated:  March 12, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wils2398.tryagain.doc

---

[1] To the extent that petitioner indicates that he is attempting to raise his "absolute innocence," he is advised that there is no freestanding claim for relief based on actual innocence.  See Herrera v. Collins, 506 U.S. 390 (1993) (holding that a claim of actual innocence based on newly discovered evidence is not an independent ground for relief in a federal habeas corpus action); Schlup v. Delo, 513 U.S. 298, 315 (1995) (finding that an assertion of actual innocence is a procedural gateway that allows courts to consider the merits of separate procedurally defaulted claims for relief).