1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MELVIN LEE WILSON,                              No.  2:19-cv-02398-JAM-CKD P

12                      Petitioner,

13          v.                                        FINDINGS AND RECOMMENDATIONS

14    STATE OF CALIFORNIA,

15                      Respondent.[1]

16

17          Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an amended

18    petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 12, 2020, the court

19    vacated its prior Findings and Recommendations that petitioner's habeas corpus application be

20    summarily dismissed for failing to raise any cognizable claim for relief.  ECF No. 10.  In the

21    same order, the court dismissed petitioner's habeas application, but granted him leave to amend

22

23    [1] Petitioner has failed to name a proper respondent in this habeas action.  See Rule 2(a) of the
      Rules Governing Habeas Corpus Cases Under Section 2254 (stating that the petitioner "must
24    name as respondent the state officer who has custody" of him or her); Belgarde v. State of
      Montana, 123 F.3d 1210, 1212 (9th Cir. 1997) (emphasizing that the failure to name a proper
25    respondent deprives the federal courts of personal jurisdiction).  Typically, the proper respondent
      is the warden of the institution in which the state prisoner is incarcerated or the Director of the
26    California Department of Corrections and Rehabilitation.  Stanley v. California Supreme Court,
      21 F.3d 359, 360 (9th Cir. 1994); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895-96 (9th Cir. 1996).
27    In the present case, this defect is not dispositive because the petition is not being served on
      respondent.
28

1  because it appeared that petitioner was attempting to raise a Sixth Amendment ineffective

2  assistance of counsel claim against his trial lawyer for failing to file a notice of appeal.  ECF No.

3  10 at 2; see also Jarvis v. Nelson, 440 F.3d 13 (9th Cir. 1991) (per curiam) (stating that a habeas

4  petition should not be dismissed without leave to amend unless it appears that no tenable claim

5  for relief can be pleaded.).  Petitioner's first amended habeas corpus application challenges the

6  restitution imposed by the Tehama County Superior Court on the ground that it violates state law.

7  ECF No. 11 at 5-7.  For the reasons discussed below, the undersigned recommends summarily

8  dismissing petitioner's first amended habeas application without further leave to amend.  See

9  Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254.

10           **I.      Factual and Procedural Background**

11           Petitioner was convicted in the Tehama County Superior Court in 2017 following his

12  guilty plea to possession of a weapon, possession of a controlled substance, and attempted rape by

13  threat.  ECF No. 11 at 1.  He was sentenced to 10 years imprisonment.  Id.

14           In his first amended habeas application, petitioner contends that the trial court imposed an

15  illegal restitution order in violation of the California Government Code and state case law.  ECF

16  No. 11 at 5.  In his second claim for relief, petitioner asserts that the CDCR is illegally taking

17  55% of the money in his prison account to pay for this restitution.  ECF No. 11 at 7.  Petitioner

18  argues that the money deposited in his prison account from his family and friends cannot be used

19  to pay off this restitution amount.  Id.  By way of relief, petitioner requests this court reduce his

20  restitution to $200.  ECF NO. 11 at 8.

21           **II.     Analysis**

22           Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the court

23  must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is

24  plain that the petitioner is not entitled to relief.  See also O'Bremski v. Maass, 915 F.2d 418, 420

25  (9th Cir. 1990); Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  The court has conducted

26  that review and concluded that summary dismissal is warranted in this case because petitioner

27  does not allege any cognizable claim for relief even after being granted leave to amend his habeas

28  petition in order to do so.  See Jarvis v. Nelson, 440 F.2d 13 (9th Cir. 1991) (per curiam).

1    Furthermore, this court lacks jurisdiction over petitioner's habeas application because he

2    does not meet the in-custody requirement of 28 U.S.C. § 2254. This court has jurisdiction to

3    review state court convictions filed by a prisoner "only on the ground that he is in custody in

4    violation of the Constitution or laws or treaties of the United `States." 28 U.S.C. § 2254(a). In

5    his first amended habeas application, petitioner does not allege any Constitutional or statutory

6    claim for relief challenging the validity or duration of his confinement. Rather, he seeks relief

7    under 28 U.S.C. § 2254 from the restitution imposed as part of his criminal sentence. However,

8    "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S.

9    62, 67 (1991). Here, petitioner alleges only a violation of state law in the imposition of his

10   restitution. "[I]t is not the province of a federal habeas court to reexamine state court

11   determinations on state law questions." Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting

12   Estelle, 502 U.S. at 67); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) ("[s]tate courts are the

13   ultimate expositors of state law," and a federal habeas court is bound by the state's construction

14   except when it appears that its interpretation is "an obvious subterfuge to evade the consideration

15   of a federal issue"). Therefore, the claims raised in petitioner's habeas application are not

16   cognizable because they are based entirely on state law.

17   This court also lacks jurisdiction over the state law challenges to petitioner's restitution

18   claims because they do not affect the fact or duration of his confinement. "[Section] 2254(a) does

19   not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed

20   as part of a criminal sentence." Bailey v. Hill, 599 F.3d 976, 982 (9th Cir. 2010); see also United

21   States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002) (challenge to restitution fine not cognizable in

22   habeas petition under 28 U.S.C. § 2255). Petitioner's ongoing incarceration does not provide the

23   required nexus between the petitioner's claim and the unlawful nature of the custody. As the

24   Seventh Circuit emphasized, the fact that petitioner was in prison at the time that he filed his §

25   2254 petition does not vest jurisdiction over a challenge to a claim that is not related to his

26   ongoing custody. Virsnieks v. Smith, 521 F.3d 707, 719-22 (7th Cir. 2008). Modifying the

27   restitution amount in petitioner's case will not affect the duration of his confinement.

28   ////

3

Accordingly, the petition raises state law claims that are not cognizable on federal habeas review and over which this court lacks jurisdiction.

### III.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your amended federal habeas petition and concluded that it should be dismissed without requiring a response from the government because there is no federal or constitutional claim presented and because the claims you raise do not affect your custody status. If you disagree, you have 30 days to file an explanation as to why this is not the correct result. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's amended application for a writ of habeas corpus (ECF No. 11) be summarily dismissed without further leave to amend for failing to raise a cognizable claim for relief and for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after

/////

4

1   service of the objections.  The parties are advised that failure to file objections within the

2   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

3   F.2d 1153 (9th Cir. 1991).

4   Dated:  April 15, 2020

5   _____

6   CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12   12/wils2398.summarydismissF&R.docx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28